United States District Court
Southern District of Texas
**ENTERED**
March 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BELLUM CIVILE LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-0922 |
| | § | |
| ANN BANDA and AMIN DEVON JONES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Bellum Civile LLC ("Plaintiff") filed a Petition for Eviction from Residential Premises against Ann Banda and Amin Devon Jones ("Defendants") in the Justice of the Peace Court, Precinct 1, Harris County, Texas.[1] Defendants' Notice of Removal alleges that "[t]his action is removable to federal court under 28 U.S.C. § 1331 because it arises under the laws of the United States. Specifically, Defendant's [sic] counterclaim asserts federal claims. . ."[2]

---

[1] Exhibit 1 to Notice of Removal, Docket Entry No. 1, pp. 8-9. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Notice of Removal, Docket Entry No. 1, pp. 1-2. Although the Notice of Removal identifies a number of federal statutes, the attachments to the Notice of Removal do not include a counterclaim filed in the Justice of the Peace Court.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (quoting Kokkonen v. Guardian Life Insurance Co. of America, 114 S. Ct. 1673, 1675 (1994)). "The district courts shall have original [federal question] jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. With limited exceptions not applicable here, "a case arises under federal law when federal law creates the cause of action asserted." Id. "Under the [well-pleaded complaint] rule, the existence of jurisdiction is determined solely from what appears on the face of plaintiff's complaint." Offices at 2525 McKinnon, LLC v. Ornelas, 681 F. Supp. 2d 778, 783 (N.D. Tex. 2010). It is well established that a counterclaim cannot provide federal question jurisdiction. Renegade Swish, L.L.C. v. Wright, 857 F.3d 692, 697 (5th Cir. 2017) (citing Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 122 S. Ct. 1889, 1894 (2002) and Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009)).

"'Because we may not proceed without requisite jurisdiction, it is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary.'" Marceaux v. Lafayette City-Parish Consolidated Government, 731 F.3d 488, 490 (5th Cir. 2013) (emphasis in original) (quoting Save the Bay, Inc. v. U.S. Army, 639 F.2d 1100, 1102 (5th Cir. 1981)).

Defendants removed the action on the basis that their alleged federal counterclaim provides federal question jurisdiction. Because counterclaims cannot provide federal question jurisdiction, the court does not have jurisdiction in this case, see <u>Renegade Swish</u>, 857 F.3d at 697, and it will therefore be remanded for lack of jurisdiction.

Because the court does not have jurisdiction, this action is **REMANDED** to the Justice of the Peace Court of Harris County, Texas, Precinct 1, Place 1. The Clerk will provide a copy of this Memorandum Opinion and Order to the Clerk of the Justice of the Peace Court.

**SIGNED** at Houston, Texas, on this the 14th day of March, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE